**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOSEPH A. FOSCO,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JOHN DIFRONZO, PETER DIFRONZO, JACK CERONE, RUDLOPH FRATTO, JR., JOSEPH GIACCHINO, JR., and JOHN AND JANE DOE(S), MEMBERS AND ASSOCIATES OF THE CHICAGO OUTFIT,** <br><br> **Defendants.** | **Case No. 09 C 1882** <br><br> **Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court are a Motions to Dismiss filed by Defendant Joseph Giacchino (hereinafter, "Giacchino") and by Defendants John DiFronzo and Peter Difronzo (collectively, the "DiFronzos"), which are joined by Defendants Jack Cerone and Rudolph Fratto, Jr. For the following reasons, the Court **grants** Defendants' Motions and dismisses all claims with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2009, Plaintiff Joseph Fosco (hereinafter, "Fosco") filed a *pro se* complaint against five named defendants and other unnamed defendants, alleging a civil conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The Complaint alleges that each Defendant is a member or associate of the Chicago Outfit, which it alleges is an

enterprise within the meaning of RICO. Compl. ¶¶ 6-13. In violation of Section 1962(d) of RICO, beginning in 2001, Defendants conspired together to extort money from Fosco, *see id.* at ¶¶ 28-29 (Count I), through a pattern of racketeering activity, which included the following predicate acts:

> Count II: Defendants (other than Giacchino) extorted $400,000 from Fosco on February 3, 2002 by threats of physical harm. *See id.* at ¶¶ 30-31.
>
> Count III: During early 2004 and again in June 2006, Defendants (other than Giacchino) conspired to murder Fosco to prevent him from providing information to law enforcement. *See id.* at ¶¶ 32-37.
>
> Count IV: From 2004 through 2006, Giacchino extorted $100,000 from Fosco under the pretense that Giacchino would intercede with members of the Chicago Outfit to save Fosco's life. *See id.* at ¶ 39.
>
> Count V: On August 11, 2006, Giacchino transmitted an extortionate demand to Fosco by telephone. *See id.* at ¶ 41.

On April 29, 2009, Giacchino filed a Motion to Dismiss all claims against him pursuant to Rule 12(b)(6). Giacchino contends that the Complaint does not satisfy the burden of pleading a RICO claim because it fails to allege a conspiracy that Giacchino agreed to participate in such conspiracy, or that Giacchino agreed to the commission of any predicate acts. Giacchino also argues that the Complaint alleges isolated events rather than a "pattern of racketeering" as required by RICO.

On June 19, 2009, the DiFronzo Defendants filed a separate Motion to Dismiss. The DiFronzos argue that Fosco's claims are barred by the statute of limitations. In the alternative, the DiFronzos contend that Fosco lacks standing to bring his claims because he has failed to allege an "injury to business or property," and they echo Giacchino's argument that the Complaint has failed to allege a "pattern of racketeering."

In response, Fosco argues that the Complaint alleges a RICO conspiracy claim, involving a pattern of racketeering activity comprising distinct predicate acts related to multiple extortion schemes occurring over several years. Fosco contends that the Complaint adequately alleges that Defendants conspired together to extort money from him and agreed to the commission of the predicate acts. Finally, Fosco urges the Court to toll the statute of limitations if it does, in fact, bar his claims.

## II. **STANDARD OF REVIEW**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). To avoid dismissal, a complaint must include enough factual allegations "to state a

claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic*, 127 S.Ct. at 1974). These allegations "must plausibly suggest that the defendant has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007). Mere conclusions and a "formulaic recitation of the elements of a cause of actions" are insufficient. *Bell Atlantic*, 127 S.Ct. at 1964-65.

### III. <u>DISCUSSION</u>

Section 1962 of RICO prohibits "the use of income derived from a pattern of racketeering activity to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce; the acquisition or maintenance of any interest in an enterprise through a pattern of racketeering activity; conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and conspiring to violate any of these provisions." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 482-83 (1985). RICO authorizes injured persons to bring private suits arising out of Section 1962 violations. *See* 18 U.S.C. § 1964(c). In order to plead a civil RICO claim, a plaintiff must allege a cognizable injury to his business or property resulting from the conduct of an enterprise through a pattern of racketeering activity. *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir., 2006).

### A. Statute of Limitations

The Court first addresses the statute of limitations defense. Defendants seek dismissal of this case the ground that the period for bringing a civil action had expired before Fosco filed his Complaint.

As noted by both parties, the statute of limitations for a civil RICO claim is four years and begins to run when a diligent plaintiff discovers or should have discovered his injury. *Rotella v. Wood*, 528 U.S. 549, 554 (2000) (the "injury discovery accrual rule"); *Cancer Foundation*, *Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir., 2009). "A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations - the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim." *Cancer Foundation, Inc.*, 559 F.3d at 675. The injury discovery accrual rule is distinguished from the "discovery of injury and pattern rule," which, until rejected by the Supreme Court, provided that the clock starts only when a plaintiff discovers both an injury and a pattern of RICO activity. *Rotella*, 528 U.S. at 553-58.

Applying the injury discovery accrual rule to the case at bar, it is clear that Fosco's Complaint was filed after the statute of limitations period closed. Fosco alleges that, "during the later part of 2001," certain Defendants, in conducting the affairs of the Chicago Outfit, met with Fosco and intimidated him "by making

numerous threats of physical harm" against him and his family. Compl. ¶¶ 24-25. On February 3, 2002, in furtherance of the conspiracy, certain Defendants then extorted $400,000 from him using threats of physical harm. *Id.* at ¶¶ 30-31. Accordingly, based on the face of the Complaint, Fosco suffered and became aware of an injury at the latest on February 3, 2002; thus, he was required to file his Complaint by February 3, 2006. The Complaint, however, was not filed until March 26, 2009, a date which clearly falls outside of the statute of limitations. *See Rotella*, 528 U.S. at 554. Moreover, even if the Court were to take a more expansive view and look to the timing of the second predicate event (conspiracy to murder Fosco in early 2004), the Complaint would still be untimely.

Acknowledging the untimeliness of his Complaint, Fosco asks that the Court toll the statute pursuant to the doctrines of equitable tolling, equitable estoppel, or duress. The Court has discretion to apply these legal doctrines and to allow a claim to proceed despite its untimeliness. *See*, *e.g.*, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir., 1990) (court may apply equitable estoppel in the limitations setting if the defendant took active steps to prevent the plaintiff from suing in time); *Cancer Foundation*, 559 F.3d at 676 (same). The Court, however, declines to toll the statute in this case. Unlike the cases cited by Fosco which involve a defendant's efforts to conceal

or delay a plaintiff's cause of action, equitable tolling is inappropriate here. Based on the face of the Complaint, Fosco was aware of his injury and of the existence of the alleged conspiracy by February 2002 and should have known of the existence of his claim. Consequently, tolling does not apply to allow the filing of his Complaint in 2009.

For all of these reasons, it is clear that Fosco's RICO claim is time-barred and must be dismissed. *See Cancer Foundation*, 559 F.3d at 674-75 ("dismissal is appropriate when a plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness"). Accordingly, Defendants' Motions are granted.

### B. RICO Conspiracy Claim

Even if it had been timely, the Court still would dismiss the Complaint for failure to allege a RICO conspiracy claim. In order to establish a civil RICO claim, a plaintiff must allege a pattern of racketeering activity, which requires at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5); *National Council on Compensation Ins., Inc. v. American Intern. Group, Inc.*, No. 07 C 2898, 2009 WL 466802, *14 (N.D. Ill., Feb. 23, 2009). The predicate acts alleged must be related to one another and pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). The Seventh Circuit has established a fact-specific test to

determine whether a "pattern of racketeering activity" exists: courts consider (1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries. *Gagan v. American Cablevision, Inc.*, 77 F.3d 951, 962-63 (7th Cir., 1996).

In this case, the Complaint alleges predicate acts of extortion and threats to physically harm or murder Fosco. Defendants contend that the Complaint fails to allege that these acts are either related or continuous as required to form a pattern of racketeering. Defendants focus on the first factor in the Seventh Circuit's analysis, *i.e.,* the number and variety of predicate acts and the length of time over which they were committed, which has been deemed "[t]he most relevant and dispositive factor." *Id.* According to Defendants, the events alleged are no more than discrete, isolated incidents, and no threat of ongoing threats can be implied from the Complaint. Defendants argue that Fosco has failed to allege ties between certain Defendants (specifically Giacchino) or that the alleged acts were taken in furtherance of or in connection to the Chicago Outfit. Giacchino also points out that the Complaint alleges only one victim and is vague as to the number and presence of separate schemes. *But see id.* (holding that the fact that the conspiracy

involves only one victim or one scheme does not preclude the existence of a pattern of racketeering activity).

Viewing the claims in the light most favorable to Fosco, the Court finds that any pattern of racketeering in the Complaint must be found by implication. The Complaint appears to allege two separate, unconnected schemes. Counts II and III involve acts by named Defendants other than Giacchino, including an extortion in February 2002 as well as physical threats and a conspiracy to murder Fosco in 2004 and 2006. Counts III and IV allege that Giacchino, with or without the knowledge of the other Defendants, individually extorted money from Fosco from 2004 to 2006 under the pretense that he would intercede with the Chicago Outfit on Fosco's behalf. The Complaint fails to allege facts indicating that these acts are related or that Defendants agreed with one another to the commission of these acts in furtherance of the conspiracy. *See Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 600 (7th Cir., 2001).

"Conclusory allegations of 'conspiracy' are not sufficient to state a claim" under RICO; rather, the plaintiff must allege "supportive facts." *See Schiffels v. Kemper Financial Services, Inc.*, 978 F.2d 344, 352 (7th Cir., 1992); *see also, Goren v. New Vision Intern., Inc.,* 156 F.3d 721, 732 (7th Cir., 1998). Here, Fosco fails to allege facts supporting his RICO conspiracy claim. The Complaint, therefore, must be dismissed for failure to state a

claim. *See Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 784-85 (7th Cir., 1999) (A RICO claim must be dismissed if it fails "to allege any facts indicating an agreement by the [defendants] as to which roles they would play in the enterprise or any agreement by the defendants that someone would commit two specific predicate acts on behalf of the enterprise.")

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss are **granted**, and dismisses Fosco's claims with prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 7/28/2009